Merrimack,
No. 4299.

LORENZO CHOUINARD & a.

*v.*

LOUIS C. SHAW & a.

Argued April 7, 1954.

Decided April 21, 1954.

*Sweeney & Temple* and *Devine & Millimet* (*Mr. Temple* orally), for the plaintiffs.

*Upton, Sanders & Upton* (*Mr. Frederic K. Upton* orally), for the defendants.

KENISON, C. J. Information that a jury obtains from a view is evidence which it is authorized to use in reaching a verdict. This is believed to be the better rule and has been the law in this state

at least since 1917 when the "leading opinion" of *Carpenter* v. *Carpenter*, 78 N. H. 440, was decided. IV Wig. Ev. (3rd *ed.*) *s.* 1168, *p.* 292. The allowance of a view is determined by the Presiding Justice "under such rules as [he] may prescribe." R. L., *c.* 395, *s.* 21; *State* v. *Langelier*, 95 N. H. 97. Once allowed, "the manner and extent of the view" is regulated by the Trial Court. *State* v. *Cote*, 95 N. H. 108, 111. And "it has not been the practice" to disturb the Trial Court's ruling unless it was plainly wrong. *Lydston* v. *Company*, 75 N. H. 23, 26; *Sweeney* v. *Willette*, 98 N. H. 512.

The purpose of a view is to enable the jury to observe "places or objects" (R. L., *c.* 395, *s.* 21) which are pointed out to it by counsel for the parties. "The jury are not sent out to get evidence generally, or to examine physical facts not authorized in the order. They do not hear oral testimony, no witnesses are examined, no arguments are made. They merely see such physical objects as are properly shown to them, and receive impressions therefrom. They get a mental picture of the locality, which as sensible men they carry back to the court room and use in their deliberations as evidence." *Carpenter* v. *Carpenter*, 78 N. H. 440, 445. It is not the function of a view to receive comment, discussion, argument or the making of measurements. *Commonwealth* v. *Dascalakis*, 246 Mass. 12. Tests and experiments are not permissible at a view unless specifically authorized by the court. *State* v. *Langelier*, 95 N. H. 97, 99; *Yeary* v. *Holbrook*, 171 Va. 266. Such practices are generally considered to be a violation of the hearsay rule. "Here, also, the only question can be whether the impropriety is upon the circumstances sufficient ground for setting aside the verdict." VI Wig. Ev. (3rd *ed.*) *s.* 1802 (4). See *Sanderson* v. *Nashua*, 44 N. H. 492, 494.

The question of whether the plaintiffs are entitled to a new trial on the facts of this case does not appear to have been determined by any decision that has been cited to us or discovered by us. An analogy may be made to the case of *Caldwell* v. *Yeatman*, 91 N. H. 150, where a juror verified by speedometer the distance between two points previously testified to by a witness in the case. Since the juror's measurement of distance introduced no new evidence in the case and did not dispute any evidence that had been introduced by the parties, it was held that the irregularity was not the basis for granting a mistrial. In the present case the nine-foot measurement made by counsel was testified to by a

witness called by the plaintiffs and was not disputed by any other evidence in the case. In *Flint* v. *Company*, 73 N. H. 483, it was held there was no prejudicial error in pointing out to the jury in a flowage case the amount of water that appeared in a test hole which had been dug by counsel prior to the view. The court disposed of the matter in the following language at page 485: "There was no error in the calling of the attention of the jury at the view, to the newly dug hole in the ground and the height of the water therein, as compared with the height of the water in the river; nor in the receipt of the civil engineer's testimony regarding the hole and the water. The height of the water in the plaintiff's land, as compared with its height in the river, was a physical fact relevant to the issue on trial, and it might be shown by direct observation and by the testimony of those who had observed it."

While neither of these cases are strictly in point they do indicate that every irregularity in trial is not necessarily the basis for a new trial or a mistrial. See *Lyman* v. *Brown*, 73 N. H. 411, and *Sanderson* v. *Nashua*, 44 N. H. 492, 494, *supra*. The last two cases were decided in part on the basis of waiver but they indicate that irregularities at a view may not be inherently prejudicial.

The present case is similar to those instances in which a juror at an authorized view takes measurements or steps off distances. If the measurements or distances were not in dispute, it has been held that the conduct of the jurors, although susceptible of criticism, was insufficient to warrant a new trial. *Turner* v. *Shropshire*, 285 Ky. 256; *Redd* v. *Airway Motor Coach Lines*, 104 Utah 9; *Stone* v. *City of Florence*, 203 S. C. 527; *Keller* v. *Harrison*, 151 Iowa 320, 329. It has been recognized to be an impropriety for a deputy sheriff to be in the joint charge of a jury after he testified to certain measurements made by him at the scene of the accident. However the refusal of the Trial Court to set aside the verdict was upheld in *Brown* v. *Smith*, 89 N. H. 133.

It is presumed that the Court's instruction to the jury to disregard the measurement made by counsel and to confine themselves to the evidence introduced in the case was followed. *Brody* v. *Boutin*, 95 N. H. 103. "It is a cardinal principle of our practice that errors which occur in the course of a trial are not necessarily incurable and that the effect of evidence which comes improperly before a jury may be cured by an order that it be stricken from the record and an instruction to the jury to disregard it." *Emerson* v. *Cobb*, 88 N. H. 199, 201. From an examination of the record it

30

cannot be said that the Trial Court abused its discretion in denying the motion for a mistrial under the circumstances of this case. *Leonard* v. *Manchester,* 96 N. H. 115, 121.

*Exception overruled.*

All concurred.